UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Milton DaSilva, DaSilva Pawn & Exchange,
LLC, A Michigan Limited Liability Company,    Case No. 13-11053

    Plaintiffs,    Honorable Nancy G. Edmunds

v.

Lieutenant Ray Collins, John Doe Officer,
State of Michigan – Michigan State Police
Department, State of Michigan- Secretary
of State, Robert Cooper, Martin's Towing,
Inc.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE [13]

This matter came before the Court on Plaintiff Milton DaSilva's motion for alternate service. (Dkt. 13.)  He requests that the Court permit that the Summons and Complaint be served upon Defendant Robert Cooper by first class mail and/or by certified mail or by affixing a copy of the Summons and Complaint at Defendant's last known residence. Plaintiff has attempted unsuccessfully to serve Defendant at 18885 Lancashire Street, Detroit, MI 48223 and at his allegedly last-known address, 29280 Stellamar Drive, Southfield, Michigan 48076.

**I.     Standard Of Review**

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual –other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in

a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction."

The Federal Rules of Civil Procedure, accordingly, provide that state law is the guide for serving notice to Defendants.

Michigan Court Rule 2.105(I)(1) states that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."

## II. Analysis

Plaintiff has attempted to serve Defendant on six occasions: three times to 18885 Lancashire Street in Detroit, Michigan and three times to 29280 Stellamar Drive in Southfield, Michigan, Defendant's last known address. All of the attempts were at varying times throughout the day. "To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first point must be established by sufficient facts." *United States v. Szaflarski*, No. 11-10275, 2011 WL 2746138, at *1 (E.D. Mich. July 14, 2011) (Lawson, J.). Plaintiff has demonstrated service of process has not been made on Defendant by submitting his affidavit of due diligence to the court in support of his motion. (Pl.'s Mot., Ex. 1, Aff.).

Plaintiff requests to serve Defendant by first class mail, and/or by certified mail, return receipt requested to 29280 Stellamar Drive, Southfield, MI 48076, and/or by firmly tacking or affixing a copy of the Summons and Complaint to the front door of the residence.

In *Trustees of Carpenters Pension Trust Fund- Detroit & Vicinity v. Century Truss Co.*, 12-15165, 2013 WL 1775553 (E.D. Mich. Apr. 25, 2013) (Berg, J.), the court ruled that the plaintiffs' proposed means of alternate service was "unlikely to be successful when, as Plaintiff knows from affidavits of service, two of the proposed addresses are for a burned down building and a location no longer occupied by any of the defendants." The court reasoned that the alternate service was not therefore in a "manner reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard." *Id.*

In his brief in support of his motion for alternate service, Plaintiff stated that "it is clear that 29280 Stellmar Drive, Southfield, Michigan 48076 is the last known address of Defendant Robert Cooper." (Pl.'s Mot. at 3). However, Plaintiff has not demonstrated any proof that this residence is, indeed, where the Defendant currently resides.

In *Lawrence M. Clarke, Inc. v. Richco Const. Inc.*, 489 Mich. 265, 278-79, 803 N.W.2d 151, 159 (2011), the court held that "substitute service must be reasonably certain to inform those affected and the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." (internal quotations and citations omitted).

Plaintiff's proposed alternate service is mailing and tacking the Summons and Complaint to Defendant's last address. "[T]acking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2011 WL 5599388, at *1 (E.D. Mich. Nov 16, 2011) (Cleland, J.). Plaintiff's proposed method of alternate notice would meet the state standard if it was shown that Defendant actually resided at the residence. But Plaintiff has not established that Defendant actually resides at his last known address and, therefore, his proposed service does not indicate that it is reasonably calculated to give Defendant *actual* notice.

### III.  Conclusion

The Court DENIES Plaintiff's motion for alternate service because, although he has demonstrated that he has not been able to serve Defendant by the prescribed means, he has not demonstrated an alternate service that is reasonably calculated to give Defendant actual notice of the proceedings and an opportunity to be heard. The motion is DENIED without prejudice.

So ordered.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  May 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2013, by electronic and/or ordinary mail.

       s/Johnetta M. Curry-Williams
       Case Manager
       Acting in the Absence of Carol Hemeyer